**Kate MOORE et al., Appellants,**

v.

**W. S. SNYDER et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1955.

C. X. Johnson, Elwood Rosenbaum, Lexington, for appellants.

Smith, Reed & Leary, Frankfort, for appellees.

MILLIKEN, Justice.

This is an appeal from a summary judgment refusing to declare the rights of the

parties and to issue an injunction in behalf of the appellants, plaintiffs below.

The appellants sought to have their rights to the flow of surface water determined after the appellees had constructed three dams to detain the water on their property. A surface spring on the appellees' land was the source of the water together with the usual rainfall. It flowed about 300 yards across the farm of the appellees, then one-fourth of a mile across the farm of C. A. Julian, after which it returned to the appellees' land and ran in a ravine about 175 yards before passing under U. S. Highway No. 60 onto the land of the appellants. Appellees had constructed two dams near the spring and a third dam just before the water flowed under the highway. In the first two dams 4-inch pipes were installed at the base with valves to control the flow of the water through the pipes. In the third dam, the one nearest the highway, a 6-inch pipe with similar valve was installed. It was estimated that two-thirds of the water impounded by the dams came from the watershed on the appellees' farm. When it reached the appellants' land it ran through a drainage ditch or ravine 3 feet wide to 1½ feet in depth and collected in a pool, estimated to be about 20 feet long and 14 feet wide but no more than 1½ feet deep, before flowing on into a branch. In answer to interrogatories, one of the appellees declared his intention by saying: "When there is no water flowing in the stream bed above the dam (dam No. 3 near the highway) it will remain closed. At other times the pipe will be operated so as to release therefrom such waters as I may not be entitled to impound for my own use."

The chancellor took the view that there was no factual issue in dispute, and that the appellees were entitled to a judgment as a matter of law. Appellants then filed a motion for a new trial asserting that they had discovered new and additional evidence, and, on their motion being denied, this appeal followed.

The appellants contend that there is a material difference of fact as to wheth-er the stream runs all year in normal seasons or is normally dry about four months each year, and also contend that there is no factual agreement as to the periods appellees will release water through the outlet pipes or the amount of water to be released. Access to the water is, of course, a valuable right. It is their contention that now is the time to determine the rights of the parties and not wait until the hot season of the year, for the question will be the same at either time, namely, how much water may the appellees retain by their dams and how much must they release to the appellants and when must they release it.

We are inclined to the view that the appellants are right in their contentions. A summary judgment must be cautiously granted. "The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Since it is not the function of the trial court to adjudicate genuine factual issues at the hearing on the motion for summary judgment, in ruling on the motion all inferences of fact from the proofs proffered at the hearing must be drawn against the movant and in favor of the party opposing the motion," Moore's Federal Practice, Vol. 6, pages 2124, 2125, and again at page 2128: "On motion for summary judgment by a defendant on the ground that plaintiff has no valid claim, the defendant, as the moving party, has the burden of producing evidence of the necessary certitude, which negatives the opposing party's (plaintiff's) claim. This is true because the burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment, whether he or his opponent would at trial have the burden of proof on the issue concerned * * *."

We are not able to determine on the meager record presented what the rights of the parties are, and so conclude that the granting of a summary judgment

to the defendants on the ground that no controversy exists avoids the vital question: What are the rights of the parties? Being of the opinion that proof is necessary to a final and correct decision of the matters involved, we set aside the judgment and remand the case for that purpose. KRS 418.065. The trial court properly refused the injunctive relief prayed. Fackler v. Cincinnati, N. O. & T. P. Ry. Co., 229 Ky. 339, 17 S.W.2d 197.

The judgment is reversed.